COPY

Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473
Email: kspelman@mount.com, dfingerman@mount.com

Counsel for San Francisco Technology Inc.

FILED

10 OCT 27 PM 5:29

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY

U.S. District Court
Central District of California

| | |
|---|---|
| San Francisco Technology Inc.<br>Plaintiff<br><br>vs.<br><br>G.T. Water Products Inc.<br>Defendant | CV 10 Case No. - 08109 R (SSx)<br><br>**Complaint**<br><br>**Jury Trial Demanded** |

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

*Qui tam* relator San Francisco Technology Inc. ("SF Tech") files this Complaint against defendant G.T. Water Products Inc. ("GT" or "Defendant") and alleges as follows:

**Nature of Action**

1. This is a *qui tam* action to impose civil fines for false marking. As alleged further below, Defendant has falsely marked articles in violation of 35 U.S.C. § 292 and must be civilly fined for each offense: "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public ... Shall be fined not more than $500 for every such offense." Defendant has falsely marked products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, each defendant falsely marked articles with intent to deceive the public.

**Parties**

2. Plaintiff San Francisco Technology is a Delaware corporation with its principal place of business in San Jose, California.

3. Upon information and belief, Defendant G. T. Water Products, Inc. is a California corporation whose principal office is located at 5239 N Commerce Ave A, Moorpark CA 93021 and who can be served through its registered agent, George Tash, at 5239 N Commerce Ave A, Moorpark CA 93021.

**Jurisdiction & Venue**

4. This court has personal jurisdiction over Defendant because Defendant's principal place of business is within this District.

5. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1355(a).

6. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b) and 1395(a).

**Count 1: U.S. Patent 4,745,641**

7. SF Tech incorporates by reference all above allegations.

8. U.S. Patent 4,745,641, entitled "Toilet Bowl Plunger" issued on May 24, 1988.

9. Defendant marks and advertises, and has marked and advertised, products with the

number of U.S. Patent 4,745,641, including, but not limited to, the Master Plunger, MP500-3, shown in Exhibit 1, which is incorporated herein by reference.

10. Defendant causes or contributes to the marking and advertising, of products with the U.S. Patent 4,745,641 patent number, including, but not limited to, the products identified in paragraph 9.

11. U.S. Patent 4,745,641 is an expired patent. Upon information and belief, U.S. Patent 4,745,641 expired no later than May 25, 2005.

12. Defendant is a sophisticated company and has many years of experience applying for, obtaining, and maintaining patents. Defendant also has extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

13. Upon information and belief, Defendant (including Defendant's patent counsel) received notice that U.S. Patent 4,745,641 would expire on or about its expiration date.

14. Upon information and belief, Defendant (including Defendant's patent counsel) knew or should have known that the term of U.S. Patent 4,745,641 expired no later than its expiration date.

15. Defendant is no longer paying maintenance fees to the United States Patent and Trademark Office to maintain U.S. Patent 4,745,641.

16. Upon information and belief, Defendant knew or should have known that U.S. Patent 4,745,641 had already expired at the same time Defendant was marking and advertising products with U.S. Patent 4,745,641, including the products identified in paragraph 9.

17. Defendant knows, or at least reasonably should know, that U.S. Patent 4,745,641 does not protect the products identified in paragraph 9, or any products whatsoever.

18. Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant.

19. Defendant could have no reasonable belief that it was proper to mark and advertise products with the number of the expired U.S. Patent 4,745,641, and the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patent and inhibiting competition.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

20. For at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefited in at least maintaining its market share in the marketplace.

21. For at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely caused the retail price of its products described herein to be inflated above normal market levels, and has caused SF Tech and the public to face inflated prices for its products.

22. The public deception, and/or competitive harm caused by each of Defendant's false markings has and continues to harm the United States, including relator SF Tech, a representative of the public incurring the cost and time associated with this enforcement.

**Count 2: U.S. Patent 4,606,634**

23. SF Tech incorporates by reference all above allegations.

24. U.S. Patent 4,606,634, entitled "Flushing Device Adapter" issued on August 19, 1986.

25. Defendant marks and advertises, and has marked and advertised, products with the number of U.S. Patent 4,606,634, including, but not limited to, the Drain King # VIP 2, 1½" - 3", shown in Exhibit 2, which is incorporated herein by reference.

26. Defendant causes or contributes to the marking and advertising, of products with the number of U.S. Patent 4,606,634, including, but not limited to, the products identified in paragraph 25.

27. U.S. Patent 4,606,634 is an expired patent. Upon information and belief, U.S. Patent 4,606,634 expired no later than August 21, 1994, after the patentee elected not to pay a maintenance fee after being reminded by the U.S. Patent & Trademark Office of its obligation to do so. If all maintenance fees had been timely paid, U.S. Patent 4,606,634 would have expired naturally no later than July 28, 2004.

28. Defendant is a sophisticated company and has many decades of experience applying for, obtaining, maintaining and litigating patents in the United States and throughout the world.

29. Upon information and belief, Defendant (including Defendant's patent counsel) received notice that U.S. Patent 4,606,634 expired on August 21, 1994 or that it would have naturally

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

expired no later than July 28, 2004.

30. Upon information and belief, Defendant (including Defendant's patent counsel) knew or should have known that U.S. Patent 4,606,634 expired on August 21, 1994 or that it would have naturally expired no later than July 28, 2004.

31. Defendant is no longer paying maintenance fees to the United States Patent and Trademark Office to maintain U.S. Patent 4,606,634.

32. Upon information and belief, Defendant knew or should have known that U.S. Patent 4,606,634 had already expired at the same time Defendant was marking and advertising products with the '634 patent, including the products identified in paragraph 25.

33. Defendant knows, or at least reasonably should know, that U.S. Patent 4,606,634 does not protect the products identified in paragraph 25, or any products whatsoever.

34. Upon information and belief, each offense of false marking caused by Defendant has and continues to deceive the public to the financial benefit of Defendant.

35. Defendant could have no reasonable belief that it was proper to mark and advertise products with the expired U.S. Patent 4,606,634 patent number, and the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patent and inhibiting competition.

36. For at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefited in at least maintaining its market share in the marketplace.

37. For at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely caused the retail price of its products described herein to be inflated above normal market levels, and has caused SF Tech and the public to face inflated prices for its products.

38. The public deception, and/or competitive harm caused by each of Defendant's false markings has and continues to harm the United States, including relator SF Tech, a representative of the public incurring the cost and time associated with this enforcement.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

**Demand For Judgment**

SF Tech demands judgment against each defendant, as follows:

1. A declaration that each defendant violated 35 U.S.C. § 292.

2. An accounting of the number, sales, and revenue of any falsely marked articles not presented at trial.

3. A civil fine of $500 for each offense — half paid to the U.S., and half paid to SF Tech.

4. Costs, including attorney fees.

5. Any other relief the court deems appropriate.

**Demand For Jury Trial**

SF Tech demands a jury trial on all issues so triable.

Date: October 26, 2010

Mount & Stoelker, P.C.
/s/ Dan Fingerman
Counsel for San Francisco Technology Inc.

Z:\CLIENTS\F CLIENTS\False006\Attorney_Notes\Drafts\Complaint False006.doc

# Exhibit 1


MASTER
PLUNGER


Patented
MADE IN THE
USA
The BEST
All PURPOSE PLUNGER
Ever Made!
MASTER
PLUNGER
Perfect for:
Tubs, Toilets,
Showers,
from overflowing
How to operate:


MADE IN THE USA
MP500-3
BLACK
NOIR
NEGRO
Perfect for:
Tubs, Toilets, Showers,
Kitchen & Bathroom Sinks
Perfectionner pour:
Les bains, les toilettes,
les douches, les eviers de cuisine,
et de salles de bain
Perfecto para:
Las tinas, los lavabos,
regaderas, la cocina y el baño
The BEST
All PURPOSE PLUNGER
Ever Made!
MASTER PLUNGER
0 77115 50003 9
G.T. WATER PRODUCTS, INC.
www.gtwaterproducts.com
PATENTS: 4,745,641, D 385,073, D 381,146,
D 381,147, 6,192,525, 6,374,427, 6,216,286.
More patents pending

# Exhibit 2


drain king
USA

