Robert W. Dickerson (State Bar No. 89367)
rdickerson@orrick.com
Armand F. Ayazi (State Bar No. 162893)
aayazi@orrick.com
Michael D. Owens (State Bar No. 266191)
mowens@orrick.com
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for Defendant
G.T. WATER PRODUCTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC.,<br>Plaintiff,<br>v.<br>G.T. WATER PRODUCTS, INC.,<br>Defendant. | Case No. 2:10-cv-08109-R-SS<br><br>**DEFENDANT G.T. WATER PRODUCTS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) AND 9(b)**<br><br>Hearing Date: January 3, 2011<br>Time: 10:00 a.m.<br>Location: Courtroom 8<br><br>Honorable Manuel L. Real |

## TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. False Marking Requires A Specific Intent To Deceive The Public .......... 2

B. S.F. Tech's Rule 9(b) Arguments Are Flawed And Misleading .......... 4

C. S.F. Tech's Complaint Is Insufficient Under Either Rule 9(b) or Rule 8(a) .......... 6

D. S.F. Tech's Reference To The *Adobe* Case Attempts To Mislead The Court .......... 10

E. Constitutionality Challenge Under Article II .......... 11

III. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ........ 7

*Baker v. Ista Pharms., Inc.*, Case No. 2:10-CV-02273-JBM-dkv (W.D. Tenn. Nov. 17, 2010) (Docket 32) ........ 5, 6, 8, 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955 (2007) ........ 6, 7

*Brinkmeier v. BIC Corp., et al.*, Case No. 09-CV-860-SLR, 2010 WL 3360568 (D.C. Del. Aug. 25, 2010) ........ 8

*Brown v. Georgia-Pacific Consumer Products L.P.*, Case No. 4:10-CV-1005-RWS, 2010 U.S. Dist. LEXIS 117673 (E.D. Mo. Nov. 5, 2010) ........ 6, 8

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009) ........ 8

*Fish v. Manning*, 31 F. 340 (S.D.N.Y. 1887) ........ 3

*Herengracht Group LLC v. Intelligent Products, Inc., et al.*, Case No. 10-CV-21785 (S.D. Fla. Nov. 17, 2010) (Docket 42) ........ 5, 8, 9

*Hollander v. Ortho-McNeil-Jansen Pharms., Inc.*, Case No. 2:10-CV-836-RB, 2010 WL 4159265 (E.D. Pa. 2010) ........ 9

*Josephs v. Federal-Mogul Corp.*, 2010 WL 3803779 (E.D. Mich. 2010) ........ 9

*Patents, LLC v. Industrial Revolution, Inc.*, Case No. 10-CV-860-CAP (N.D. Ga. July 29, 2010) ........ 5

*Patents, LLC v. Superfeet Worldwide, Inc.*, Case No. 1:10-CV-862-TCB (N.D. Ga. Oct. 19, 2010) ........ 5

*Pequignot v. Solo Cup Company*, 608 F.3d 1356 (Fed. Cir. 2010) ........ 3, 4

*Powell v. The Procter & Gamble Co.*, Case No. CV-10-RRA-497-S (N.D. Ala. Nov. 3, 2010) (Docket 54) ........ 6

*Schwebel v. Bothe*, 40 F. 478 (E.D. Mo. 1889) ........ 3

*Shizzle Pop, LLC v. Aviva Sports, Inc., et al.*, Case No. CV10-02574-RAK (SSx) (C.D. Cal. Nov. 3, 2010) ........ 2, 6, 9, 11

*Shizzle Pop, LLC v. Wham-O, Inc.*, 2010 U.S. Dist. LEXIS 86924, 2010 WL 3063066 (C.D. Cal. August 2, 2010) ........ 2, 5, 8, 11

# TABLE OF AUTHORITIES
## (continued)


**Page(s)**

*Shroyer v. New Cingular Wireless Services, Inc.*,
606 F.3d 658 (9th Cir. 2010) ........ 9

*Simonian v. Edgecraft Corp.*,
Case No. 10-C-1263, 2010 WL 3781262 (N.D. Ill. Sept. 20, 2010) ........ 9

*Stauffer v. Brooks Brothers, Inc.*,
619 F.3d 1321 (Fed. Cir. 2010) ........ 10, 11, 12

*United States ex rel. Alchemy Asset Services, Inc. v. GlaxoSmithKline Consumer Healthcare, L.P. and GlaxoSmithKline, LLC*,
Case No. 10-CV-680 (W.D. Pa. Nov. 16, 2010) ........ 6

*United States ex rel. FLFMC, LLC v. William Bounds Ltd.*,
Case No. 10-CV-420, 2010 WL 4788554 (W.D. Pa. Nov. 17, 2010) ........ 5, 6, 8

*United States ex rel. Randy Carver v. Factor Nutrition Labs., LLC; Vital Basis, In. and Walgreen Co.*,
Case No. 10-CV-02529-CW (N.D. Cal. Dec. 7, 2010) ........ 5, 7

*United States v. Bailey*,
444 U.S. 394 (1980) ........ 3

*ZoJo Solutions v. Stanley Works*,
2010 U.S. Dist. Lexis 46407 (N.D. Ill. May 12, 2010) ........ 11

**STATUTES**

35 U.S.C. § 287 ........ 4

35 U.S.C. § 292 ........ 11, 12

35 U.S.C. § 292(a) ........ 3

35 U.S.C. § 292(b) ........ 12

**RULES**

Fed. R. Civ. P. 8(a) ........ 6, 9

Fed. R. Civ. P. 9 ........ 5

Fed. R. Civ. P. 9(b) ........ *passim*

Fed. R. Civ. P. 12(b)(6) ........ *passim*

Fed. R. Civ. P. 15(a) ........ 2

U.S.D.C. Local Rule 11-8 ........ 2

**OTHER AUTHORITIES**

U.S. Constitution, Article II, § 3 ........ 12

# I. INTRODUCTION

The Complaint filed in this case by San Francisco Technology Inc. ("S.F. Tech") represents the third attempt to state a cause of action against the defendant GT Water Products, Inc. ("GT Water") for false marking based on the same two expired patents. The prior relator or plaintiff, Patent Group, LLC ("Patent Group"), filed a first complaint against GT Water on May 18, 2010. When GT Water filed motions to dismiss, including a motion to dismiss pursuant to Rule 12(b)(6), Patent Group filed an amended complaint. GT Water again filed motions to dismiss which the Court set for oral argument to be heard on October 28, 2010. Just three days before the hearing, Patent Group dismissed the case against GT Water. On October 27, 2010, the day the Court entered a final judgment denying all relief in the Patent Group case, S.F. Tech filed the present Complaint.

S.F. Tech adopted essentially the very same conclusory information and belief allegations made by Patent Group in the earlier two complaints and the very same erroneous allegations concerning an expired patent (which on its face indicated that it was entirely unrelated to any patent ever owned by GT Water). The erroneous nature of these allegations concerning an unrelated third party patent had also previously been brought to the attention of Patent Group in GT Water's earlier motions to dismiss.

S.F. Tech in its Opposition acknowledged that the allegations concerning this unrelated third party patent are incorrect, but attempts to dismiss the error as a minor typographical error involving only two digits in a patent number being transposed which S.F. Tech asks this Court to ignore. (Opp. 2:16-19, 18:12-21). However, this error goes well beyond a mere transposition of two digits in a patent number. S.F. Tech attached the incorrect patent to its complaint and attempts to bolster its intent to deceive allegations by alleging that the patent expired "no later than August 21, 1994, after the patentee elected not to pay a maintenance fee after being reminded by the U.S. Patent & Trademark Office of its obligation to do so." (Complaint, ¶ 27).

S.F. Tech now claims in its Opposition that it intended to refer to another GT Water patent, but this other GT Water patent did not expire in 1994 and there is no support for the allegation that GT Water failed "to pay a maintenance fee after being reminded by the U.S. Patent & Trademark Office of its obligation to do so."

The Complaint filed by S.F. Tech also includes the same conclusory and speculative allegations which have been rejected as insufficient to state a claim for false marking by most of the District Courts in this country, including this District Court in *Shizzle Pop, LLC v. Aviva Sports, Inc., et al.*, Case No. CV10-02574-RAK (SSx) (C.D. Cal. Nov. 3, 2010) decided by Judge Klausner (first amended complaint dismissed without leave to amend), and in *Shizzle Pop, LLC v. Wham-O, Inc.*, 2010 U.S. Dist. LEXIS 86924, 2010 WL 3063066 (C.D. Cal. August 2, 2010) decided by Judge Percy Anderson (Rule 12(6)(b) motion to dismiss granted).

Despite the admitted erroneous allegations in its Complaint and despite considerable authority holding that the type of allegations made by S.F. Tech are insufficient to demonstrate the requisite intent to deceive the public, S.F. Tech has chosen not to amend its Complaint even though it had a right to do so once as a matter of course pursuant to F.R.C.P. 15(a). For some reason, S.F. Tech feels it is acceptable to file pleadings with erroneous allegations and with mere legal conclusions couched as factual allegations. This Court should not condone what S.F. Tech has done and should dismiss its Complaint without leave to amend.

## II. ARGUMENT

### A. False Marking Requires A Specific Intent To Deceive The Public

S.F. Tech begins the Argument of its Opposition with a discussion of the history of the false marking statute.[1] Much of the Argument relates to public policy and elements of a false marking claim which are not relevant to whether S.F. Tech has adequately pled a claim for false marking.

[1] It is difficult to read S.F. Tech's Opposition and find the cases cited because S.F. Tech failed to include a Table of Authorities which is required by Local Rule 11-8.

S.F. Tech also cites two very old cases, *Schwebel v. Bothe*, 40 F. 478 (E.D. Mo. 1889) and *Fish v. Manning*, 31 F. 340 (S.D.N.Y. 1887) to show that courts have recognized false marking for over a century. However, S.F. Tech fails to note that in both these cases the court found the pleading to be insufficient and sustained a demurrer. In *Fish*, the court stated, "In an action upon a penalty, the statute imposing it, and the section thereof must be pleaded with certainty." (*Id.* at 341). In *Schwebel*, the court held:

> The statute, being of a *quasi* criminal character, must be strictly construed so as not to impose a penalty, unless the act complained of is within the language of the statute, and also clearly within the prohibition intended to be imposed by the law maker.

40 F. at 479. The Federal Circuit in *Pequignot v. Solo Cup Company*, 608 F.3d 1356 (Fed. Cir. 2010) has adopted this same view:

> The bar for proving deceptive intent here is particularly high, given that the false marking statue is a criminal one, despite being punishable only with a civil fine. . . . Because the statute requires that the false marker act "for the purpose of deceiving the public," a purpose of deceit, rather than simply knowledge that a statement is false, is required. 35 U.S.C. § 292(a). As the Supreme Court has explained in distinguishing the mental states of "purpose" and "knowledge" in criminal statutes, "a person who causes a particular result is said to act purposefully if he consciously desires that result, whatever the likelihood of that result happening from his conduct, while he is said to act knowingly if he is aware that the result is practically certain to follow from this conduct, whatever his desire may be as to that result." *United States v. Bailey*, 444 U.S. 394, 404 (1980) (quotations marks omitted). Thus, mere knowledge that a marking is false is insufficient to prove intent if Solo can prove that it

did not consciously desire the result that the public be deceived.

*Pequignot*, 608 F.3d at 1363. In this case, any alleged conscious desire by GT Water to deceive the public is, in part, belied by the very nature of its marking on the products. In the case of the Master Plunger product, the patent numbers on the tag attached to the product include numbers of other unexpired patents and the patent numbers are so small that they are almost impossible to see. (Complaint, Exhibit 1). Furthermore, on the product itself, only the unexpired U.S. Patent No. 6,192,525 is marked. (Complaint, Exhibit 1). On the Drain King product, the patent number is stamped on the product and is only slightly visible if the product happens by chance to be oriented in the packaging in a certain way. Clearly, the marking was done by GT Water to protect its rights to damages by an infringer pursuant to the patent marking statute, 35 U.S.C. § 287. It certainly was not done for advertising purposes nor was it done to deter innovation and stifle competition. These inconspicuous patent markings alone rebut any presumption of intent to deceive.[2]

As demonstrated below, the allegations by S.F. Tech in the Complaint are manifestly insufficient for a court to draw an inference that there was either knowledge of falsity or a specific intent to deceive the public.

### B. S.F. Tech's Rule 9(b) Arguments Are Flawed And Misleading

S.F. Tech asserts that Rule 9(b) does not apply to false marking claims, and that there is a growing trend among District Courts to apply Rule 8 and reject Rule 9. (Opp. 9:9-15). S.F. Tech also asserts that a "few" District Courts have incorrectly assumed Rule 9 should apply without any analysis of the elements of false marking. (Opp. 1:24-2:1; 9:16-17).

It is significant that S.F. Tech, in its entire argument regarding Rule 9, fails to even mention that, in the only two decisions by this District Court on the pleading requirements for a false marking claim, *Shizzle Pop, LLC v. Aviva Sports, Inc., et al.*,

[2] As indicated by the Federal Circuit in *Pequignot*, where the false markings at issue are expired patents that had previously covered the product, any presumption of intent to deceive is weaker. 608 F.3d at 1353.

and *Shizzle Pop, LLC v. Wham-O, Inc.*, both Judge Anderson and Judge Klausner both held that claims for false marking are indeed subject to the heightened pleading requirement of Rule 9(b). (The *Shizzle Pop* decisions are attached hereto as Exhs. 4 and 5.) It is hard to attribute this oversight to a simple mistake by S.F. Tech since both these cases were prominently cited in GT Water's Motion.

In support of its contention that there is a growing trend among the District Courts to reject Rule 9, S.F. Tech misleadingly states: ". . . in November and December 2010, at least five additional District Court decisions were handed down — applying Rule 8 and rejecting Rule 9." (Opp. 9:13-15.) S.F. Tech in footnote 51 of its Opposition cites these five decisions, but fails to note that all but one of these decisions are one paragraph Orders by the very same judge in the same Eastern District Court of Texas. The only other decision cited by S.F. Tech, *Accord Patents, LLC v. Industrial Revolution, Inc.*, Case No. 10-CV-860-CAP (N.D. Ga. July 29, 2010) (Docket No. 22), fails to even discuss Rule 9(b) and is contrary to another decision from the same court. *See Accord Patents, LLC v. Superfeet Worldwide, Inc.*, Case No. 1:10-CV-862-TCB (N.D. Ga. Oct. 19, 2010).

S.F. Tech also fails to mention that the number of District Court decisions in November and December 2010 which applied Rule 9(b) are in greater number and from a more diverse group of District Courts than the five decisions S.F. Tech would have this Court believe represent a growing trend. *See, e.g., Baker v. Ista Pharms., Inc.*, Case No. 2:10-CV-02273-JBM-dkv (W.D. Tenn. Nov. 17, 2010) (hereafter "*Ista Pharms.*") (attached as Exh. 1); *Herengracht Group LLC v. Intelligent Products, Inc., et al.*, Case No. 10-CV-21785 (S.D. Fla. Nov. 17, 2010) (Magistrate Judge Turnoff Order and Recommendation) (attached as Exh. 3); *United States ex rel. FLFMC, LLC v. William Bounds Ltd.*, Case No. 10-CV-420, 2010 WL 4788554, at *5 (W.D. Pa. Nov. 17, 2010) (attached as Exh. 6); *United States ex rel. Randy Carver v. Factor Nutrition Labs., LLC; Vital Basis, In. and Walgreen Co.*, Case No. 10-CV-02529-CW (N.D. Cal. Dec. 7, 2010) (hereafter "*ex rel. Carver*"); *United*

*States ex rel. Alchemy Asset Services, Inc. v. GlaxoSmithKline Consumer Healthcare, L.P. et al.*, Case No. 10-CV-680 (W.D. Pa. Nov. 16, 2010) (Docket 19) (hereafter "*GlaxoSmithKline*") (attached as Exh. 7); *Brown v. Georgia-Pacific Consumer Products L.P.*, Case No. 4:10-CV-1005-RWS, 2010 U.S. Dist. LEXIS 117673 (E.D. Mo. Nov. 5, 2010) (hereafter "*Georgia-Pacific*"); *Powell v. The Procter & Gamble Co.*, Case No. CV-10-RRA-497-S (N.D. Ala. Nov. 3, 2010); *Shizzle Pop, LLC v. Aviva Sports, Inc.*, Case No. 10-CV-02574-RAK (SSx) (C.D. Cal. Nov. 3, 2010) (Docket 54) (attached as Exh. 4).

To even suggest that the District Courts are trending toward rejecting Rule 9(b) is completely misleading. As stated by the District Court in *United States ex rel. FLFMC*, "***. . . the great majority at district courts . . . find that the false marking statute sounds in fraud and a plaintiff must meet the heightened pleading standards of Rule 9(b) to show intent to deceive.***" 2010 WL 4788554, at *5 (emphasis added) (attached as Exh. 6); *see also United States ex rel. Alchemy Asset Services v. GlaxoSmithKline, et al.*, at 3) (attached as Exh. 7) ("we agree with the defendants, as well as the majority of the courts addressing the issue, that the heightened pleading standard of Fed. R. Civ. 9(b) applies to a false marking claim."); *Ista Pharms.*, Case No. 2:10-CV-02273-JBM-kdv (attached as Exh. 1) (". . . numerous district courts, including one in the Sixth Circuit have held that false marking claims are subject to Rule 9(b)'s heightened pleading requirement.").

### C. S.F. Tech's Complaint Is Insufficient Under Either Rule 9(b) or Rule 8(a)

As stated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*

at 570. A Claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not asking to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

The relevant allegations in S.F. Tech's Complaint for the purpose of this motion are (1) that GT Water marked and advertised its products with an expired patent (Complaint ¶¶ 9, 11), (2) GT Water is a sophisticated company with years of patent experience and significant experience in patent marking (Complaint, ¶ 12), (3) that, upon information and belief, GT Water knew or should have known the patent expired, at the time it was marking and advertising products with the patent number (Complaint, ¶¶ 13-14, 16), and (4) that GT Water could have no reasonable belief that it was proper to mark and advertise the products with the patent and the false marking was done with intent to deceive the public (Complaint, ¶ 19).[3]

S.F. Tech contends that facts alleged in a complaint are presumed to be true. However, the Court is not bound to accept as true legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. Furthermore, that the principle that this Court will take all material allegations as true and construe them in the light most favorable to the plaintiff is inapplicable to "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *ex rel. Carver*, Case No. 10-CV-02529-CW at p. 3.

S.F. Tech also contends that under Rule 9(b) "knowledge" and "intent" may

---

[3] While it would not cure the deficiencies in the Complaint if pled, S.F. Tech in its Opposition misrepresents the allegations in the Complaint: "SF Tech has specifically pled that the accused markings and advertisements were done after each patent's expiration date and that each accused product is being sold retail [sic] long after those expirations." (Opp. 14:22-24) This statement is not supported by the actual allegations in the Complaint.

be alleged generally. (Opp. 12:1-3). However, the pleadings must set forth sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009). S.F. Tech fails to allege any such underlying facts. S.F. Tech claims that courts have denied motions to dismiss against complaints that allege far less than the Complaint in this case, citing one case in the Western District of Pennsylvania which did not address whether a plaintiff is required to plead a claim with sufficient particularity to satisfy Rule 9(b). However, a far greater number of District Courts have dismissed complaints pursuant to Rule 12(b)(6) for failure to state a claim with more factual allegations than those found in S.F. Tech's Complaint.

District Courts have dismissed complaints which contain allegations similar to those in S.F. Tech's Complaint, but include added allegations. These added allegations include an allegation that the defendant employs an in-house legal department for patent issues. *See, e.g., Ista Pharm.*, Case No. 2:10-CV-02273-JBM-dkv at p. 6 (attached as Exh. 1); *Georgia-Pacific*, Case No. 4:10-CV -005-RWS at p. 2, 2010 U.S. Dist. LEXIS 117673; *Brinkmeier v. BIC Corp., et al.*, Case No. 09-CV-860-SLR, 2010 WL 3360568 (D.C. Del. Aug. 25, 2010) (attached as Exh. 2).

Complaints with an additional allegation that the defendant revised its packaging or labels, but still included expired patent number have also been held insufficient. *Brinkmeier*, 2010 WL 3360568, at *29 (attached as Exh. 2); *Shizzle Pop LLC v. Wham-O Inc.*, 2010 WL 3063066, at *3-4 (attached as Exh. 5); *Herengracht Group LLC v. Intelligent Products*, Case No. 10 CV-21785 (S.D. Fla. Nov. 17, 2010) (attached as Exh. 3).

Complaints alleging a longer period of marking after the expiration of a patent than in this case have also been held insufficient to show an intent to deceive the public. *United States ex rel. FLFMC*, 2010 WL 4788554 at *5 (attached as Exh. 6).

In its Complaint S.F. Tech alleges without any factual basis that GT Water is

a sophisticated company with patent experience and experience with patent marking. Several District Courts have rejected such conclusory allegations as insufficient to infer the requisite knowledge or intent. *Ista Pharms.*, Case No. 2:10 CV 02273 JBM kdv; *Herengracht Group, LLC v. Intelligent Products, Inc.*, Case No. 10-CV-21785 (S.D. Fla. Nov. 17, 2010); *Simonian v. Edgecraft Corp.*, Case No. 10-C-1263, 2010 WL 3781262, at *2-3 (N.D. Ill. Sept. 20, 2010); *Hollander v. Ortho-McNeil-Jansen Pharms., Inc.*, Case No. 2:10-CV-836-RB, 2010 WL 4159265, at *4-*6 (E.D. Pa. 2010); *Josephs v. Federal-Mogul Corp.*, 2010 WL 3803779, at *2-*3 (E.D. Mich. 2010).

Several allegations by S.F. Tech are also made upon information and belief, including the allegation that GT Water knew or should have known that the patent had already expired at the time the product was marked and advertised. (Complaint, ¶ 16).[4] As this District Court stated in *Shizzle Pop, LLC v. Aviva Sports, Inc.*, Case No. CV10-02574-RAK (SSx) at p. 4 (C.D. Cal. Nov. 3, 2010) (attached as Exh. 4):

> Claims made on information and belief are not usually sufficiently particular, unless they accompany a statement of facts on which the belief is founded. *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658, 665 (9th Cir. 2010). Plaintiff's statements of facts alleges details which explain why it believes Defendants' products are mismarked, but contain no information supporting the belief that Defendants were acting with an intent to deceive.

S.F. Tech's Complaint is insufficient under either Rule 9(b) or Rule 8(a). It contains nothing more than threadbare recitals of the elements of a cause of action supported by mere conclusory statements. It does not plead factual content that allows the Court to draw a reasonable inference that it is plausible that the defendant is liable for the conduct alleged. On the facts pled, the presence of an expired patent

---

[4] This is the closest S.F. Tech comes to alleging that GT Water marked the product after the patent had expired.

on GT Water's product could be a simple oversight.

### D. S.F. Tech's Reference To The *Adobe* Case Attempts To Mislead The Court

S.F. Tech references its own case in the Northern District of California, *San Francisco Technologies, Inc. v. Adobe Systems Inc., et al.*, Case No. C 09-6083-RS, 2010 U.S. Dist. LEXIS 40216 (N.D. Cal. April 13, 2010) to support its contention that the allegations in this case are sufficient (Opp. 15:12-16:10) and as an excuse why it intentionally chose not to amend its Complaint. (Opp. 18:25-19:3).

S.F. Tech claims that Judge Seeborg concluded its allegations were sufficient in a complaint substantially similar to the Complaint in this case, citing a statement made by Judge Seeborg in an April 8, 2010 hearing. However, as Judge Seeborg indicated, his statement was only his "*initial read on this*" and he confirmed later in his April 13, 2010 decision that his views were not a final ruling:

> S.F. Tech does urge the court to reach — and to deny — the motions to dismiss brought under Rule 12(b)(6) prior to transferring these parties, arguing it would be unfair for defendants to obtain a 'second bite of the apple' in the transferee court. Although this Court expressed some tentative and general views regarding the motions to dismiss, it did not address them to the extent that any of the defendants could be said to have already had a first bite of the apple.

2010 U.S. Dist. LEXIS 40216, at *7-8. Judge Seeborg then stayed the actions remaining in his court pending the Federal Circuit's decision in *Stauffer v. Brooks Brothers, Inc.*, and for this reason denied the motions to dismiss without prejudice. So far as can be determined from the docket sheet in this case there has been no final ruling on the sufficiency of the pleadings.[5]

[5] While it is not particularly significant in view of the various District Court decisions discussed above, S.F. Tech's allegations in the *Adobe* case are more specific than in this case. S.F. Tech alleged that the markings with an expired patent were repeated each time the advertisement was revised.

Talk about intent to deceive: it is entirely misleading to suggest that Judge Seeborg in the *Adobe* case **ruled** that allegations substantially similar to the Complaint in this case were sufficient.

Furthermore, reliance on the *Adobe* case as a basis not to amend a known defective complaint is misplaced. S.F. Tech should have looked to the decisions by Judge Kausner and Judge Anderson in this District Court in the *Shizzle Pop, LLC v. Aviva Sports, Inc.* and *Shizzle Pop, LLC v. Wham-O, Inc.* cases. (*See* Exhs. 4 and 5.) S.F. Tech could not have been unaware of these two decisions since they were cited in the Motion to Dismiss.

In view of the multiple prior attempts to try sufficiently allege a false marking claim against G.T. Water, it becomes evident that S.F. Tech elected not to amend its Complaint because there are no facts to support its boiler plate and legal conclusions. Certainly, S.F. Tech has not suggested in its Opposition any additional facts which it would add to an amended complaint and attempt to overcome a Rule 12(b)(6) challenge.

**E. <u>Constitutionality Challenge Under Article II</u>**

While S.F. Tech has chosen to otherwise ignore the August 2, 2010 *Shizzle Pop, LLC v. Wham-O, Inc.* decision, it cites it and one other District Court decision, *ZoJo Solutions v. Stanley Works*, 2010 U.S. Dist. Lexis 46407, at *3 (N.D. Ill. May 12, 2010), as decisions which rejected a constitutional challenge under Article II. For once, S.F. Tech has correctly stated a valid basis for its argument. However, it must be noted that both these decisions were made prior to the August 3, 2010 decision by the Federal Circuit in *Stauffer*. In the *Stauffer* decision, the Federal Circuit made it clear that whether a *qui tam* action pursuant to Section 292 violates the “take care” and “appointments” clauses of Article II of the U.S. Constitution is still an open question. The Federal Circuit stated in *Stauffer*:

> Amicus Ciba asserts that the government cannot constitutionally assign any claim without retaining control over the relator’s actions,

> arguing that such assignment violates the "take Care" clause of Article II, § 3 of the Constitution. According to Ciba, in enacting section 292(b) , Congress has stripped the executive branch of its duty to "take Care that the Laws be faithfully executed" by giving such power to the public. In support of that position, Ciba contrasts section 292 with the False Claims Act, which provides the government with, *inter alia*, the right to be notified of a case before the defendant is served, the right to intervene, and the right to seek dismissal or settlement over the objection of the relator or to prevent dismissal of the action by the relator. While Ciba raises relevant points, the district court did not decide, and the parties did not appeal, the constitutionality of section 292. Thus, we will not decide its constitutionality without the issue having been raised or argued by the parties.

*Stauffer*, 619 F.3d at 1327. It is for this reason that G.T. Water asserted its constitutionality challenge.

## III. CONCLUSION

S.F. Tech's position regarding the sufficiency of its false marketing allegations is at odds with the earlier decisions of this District Court and with the decisions of many other District Courts in this country. In an attempt to support its untenable position, S.F. Tech has repeatedly attempted in its Opposition to mislead this Court. For this reason and because S.F. Tech intentionally chose not to again amend a known defective complaint, G.T. Water's Motion to Dismiss pursuant to Rule 12(b)(6) should be granted and any leave to amend should be denied.

Dated: December 20, 2010

*Respectfully submitted,*
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Michael D. Owens*
MICHAEL D. OWENS
Attorneys for Defendant G.T. WATER

# CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: December 20, 2010

Orrick, Herrington & Sutcliffe LLP

By:_______________________________
MICHAEL D. OWENS
Attorneys for Defendant G.T. WATER