# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| CHARLES R. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:10-cv-02273-JPM-dkv |
| | ) | |
| ISTA PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

**ORDER GRANTING DEFENDANT ISTA PHARMACEUTICALS' MOTION TO DISMISS**

---

Before the Court is Defendant ISTA Pharmaceuticals' ("ISTA") Combined Motion for (1) Dismissal for Failure to State a Claim, and (2) Dismissal for Lack of Subject Matter Jurisdiction for Lack of Standing (Docket Entry ("D.E.") 13), filed June 18, 2010. Plaintiff responded in opposition on September 17, 2010. (D.E. 21.) ISTA filed a reply brief in support of its motion to dismiss on October 13, 2010. (D.E. 27.) Plaintiff filed a surreply in opposition on November 1, 2010. (D.E. 31.) For the following reasons, the Court GRANTS ISTA's motion to dismiss.

## **I. Background**

On April 23, 2010, Plaintiff filed an amended complaint against Bausch & Lomb[1] and ISTA for false patent marking under 35 U.S.C. § 292(a). (First Am. Compl. (D.E. 4) ¶ 3.) Plaintiff alleges that ISTA marked Xibrom, an ophthalmic solution, with expired patent number 4,910,225 ("'225 patent"). (Id.) Specifically, Plaintiff contends that ISTA failed to remove the patent marking from a Xibrom physician's insert after the '225 patent expired on January 24, 2009. (Id.) Plaintiff seeks monetary damages pursuant to 35 U.S.C. § 292(b) of up to $500 for each alleged false marking offense. (Id. ¶ 4.)

On the parties' joint motion, the Court stayed the case on July 14, 2010, pending the Federal Circuit's decision in Stauffer v. Brooks Bros., Inc. (D.E. 18.) The Federal Circuit issued its decision on August 31, 2010. See Stauffer, 619 F.3d 1321 (Fed. Cir. 2010).[2] Accordingly, ISTA's motion to dismiss is now ripe for adjudication.

## **II. Standard of Review**

Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 440 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss [under Rule 12(b)(6)] if it 'contain[s] sufficient factual matter, accepted

---

[1] Plaintiff voluntarily dismissed his claims against Bausch & Lomb on June 16, 2010. (See D.E. 12.)

[2] The stay was automatically lifted when the parties notified the Court of the Federal Circuit's decision in Stauffer. (See D.E. 19; D.E. 20.)

as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 630 (6th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. at 903.

## III. Analysis

ISTA offers three arguments in support of its motion to dismiss. First, ISTA contends that Plaintiff lacks standing to sue. (Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") (D.E. 13-1) 13.) This argument fails because of the Federal Circuit's holding in Stauffer. The Federal Circuit held, inter alia, that a violation of § 292 constitutes an injury to the United States. Stauffer, 619 F. 3d at 1325. Moreover, "because the government would have standing to enforce its own law, [Plaintiff], as the government's assignee, also has standing to enforce section 292." Id.; see also Hollander v. Ortho-McNeil-Janssen Pharms., Inc., No. 2:10-cv-00836-RB, 2010 WL 4159265, at *4 (E.D. Pa. Oct. 21, 2010) (finding that Plaintiff had standing

to sue in a case involving similar facts). Accordingly, the Court finds that Plaintiff is a proper party to bring the instant suit. See Stauffer, 619 F.3d at 1327 (explaining that standing under § 292 requires a "claim to an injury of a legally cognizable right").

Second, ISTA argues that Plaintiff has not pleaded sufficient facts to support a plausible claim that ISTA acted with the intent to deceive the public.[3] (Def.'s Mem. 10.) The Federal Circuit recently held that the "bar for proving deceptive intent [under § 292] . . . is particularly high, given that the false marking statute is a criminal one, despite being punishable only with a civil fine." Pequignot v. Solo Cup Co., 608 F.3d 1356, 1363 (Fed. Cir. 2010). To be liable under § 292, a defendant must have acted with a "purpose of deceit, rather than simpl[e] knowledge that a statement is false . . . ." Id.

The Federal Circuit has not directly addressed whether the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to § 292 claims. See Stauffer, 619 F.3d at 1328 (remanding the case and instructing the district court to "address the merits of the case, including . . . 'the grounds that the complaint fails to state a plausible claim . . . with sufficient specificity to meet the heightened pleading standard

---

[3] Because this argument is dispositive, the Court declines to consider ISTA's third argument, namely, that Plaintiff has failed to allege any facts showing that ISTA falsely marked its products with an expired patent number.

. . . [of] Rule 9(b)'"); see also Patent Compliance Group v. Wright Med. Tech., Inc., No. 3:10-CV-289-K, 2010 WL 3766724, at * 3 (N.D. Tex. Sept. 27, 2010) ("There has been some disagreement as to which [pleading] standard should apply in false marking cases."). Nevertheless, numerous district courts, including one in the Sixth Circuit, have held that false marking claims are subject to Rule 9(b)'s heightened pleading requirement. See, e.g., N.C. Farmers' Assistance Fund, Inc. v. Monsanto Co., No. 1:08cv409, 2010 WL 3817349, at *9 (M.D.N.C. Sept. 27, 2010) (cataloging district court decisions from California, Delaware, Florida, Illinois, and Pennsylvania); see also Josephs v. Fed.-Mogul Corp., No. 10-10617, 2010 WL 3803779, at *2 (E.D. Mich. Sept. 23, 2010) ("[Section] 292 is a fraud-based claim and Rule 9(b) applies."). The elements of a § 292 claim are: (1) marking an unpatented article with the (2) intent to deceive the public. Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009) (citing Clontech Labs. Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005)). Because a false marking claim requires intent to deceive the public, the Court agrees with the above district courts that Rule 9(b) applies.

The Court next determines whether Plaintiff's amended complaint satisfies Rule 9(b)'s heightened pleading standard. Rule 9(b) requires that the circumstances constituting fraud be

pleaded with particularity. Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326 (Fed. Cir. 2009). To survive a motion to dismiss, Plaintiff's complaint must allege "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." Id. at 1327. Put another way, Rule 9(b) requires that Plaintiff "set[] forth the particularized factual bases" for his allegations of false marking. Id.

With respect to ISTA's alleged intent, Plaintiff alleges that: (1) ISTA is a sophisticated company "with many years of experience . . . and therefore know[s] that patents . . . expire"; (2) "ISTA employ[s] attorneys in [its] in-house legal department[]"; (3) ISTA "cannot genuinely believe that the '225 [p]atent applies even after it expired"; and (4) ISTA "committed such violations of 35 U.S.C. § 292(a) with an intent to deceive competitors and the public." (First Am. Compl. ¶¶ 18-19, 27, 35.) Plaintiff offers no specific facts from which the Court could infer that ISTA intended to deceive the public. See Exergen Corp., 575 F.3d at 1327. Plaintiff's conclusory allegations regarding ISTA's sophistication do not meet Rule 9(b)'s heightened pleading standard. See Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). While intent and knowledge may be alleged generally, it is

Plaintiff's burden to "supply enough factual matter to suggest an intent to deceive." Hollander, 2010 WL 4159265, at *5 (citing Brinkmeier v. Graco Children's Prods., 684 F. Supp. 2d 548, 553 (D. Del. 2010)). Plaintiff has failed to supply any factual matter suggesting an intent to deceive. Accordingly, the Court GRANTS ISTA's motion to dismiss.

## IV. Conclusion

For the foregoing reasons, ISTA's motion to dismiss is GRANTED. Plaintiff's amended complaint is DISMISSED WITHOUT PREJUDICE.[4]

IT IS SO ORDERED this 17th day of November, 2010.

/s/ Jon P. McCalla
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE

[4] Plaintiff seeks leave to amend his complaint. (Pl.'s Resp. to Def.'s Mot. to Dismiss (D.E. 21) 15.) Plaintiff has not disclosed the factual matter, if any, with which he plans to supplement his complaint. Accordingly, the Court does not grant Plaintiff leave to amend in this Order.