# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 10-21785-CV-LENARD/TURNOFF

HERENGRACHT GROUP, LLC,

Plaintiff,

vs.

INTELLIGENT PRODUCTS, INC.,
et al.,

Defendants,
_______________________________/

**ORDER AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendants' Intelligent Products, Inc. and Mutt Mitt, Inc.'s (collectively "Defendants") Motion to Dismiss Pursuant to Rule 9(B) and Rule 12(B)(6) **[DE 17]**, Defendants' Motion to Dismiss Pursuant to Rule 12 (B)(1) **[DE 18]**, Defendants' Motion to Stay **[DE 19]**, and an Order of Referral entered by the Honorable Joan A. Lenard on September 1, 2010. **[DE 22]**. A hearing on these Motions **[DE 17, 18 & 19]** took place before the undersigned on Tuesday, October 19, 2010. **[DE 35]**.

**I. Order**

At the hearing, Defendants announced that their Motion to Dismiss Pursuant to Rule 12 (B)(1) **[DE 18]** and their Motion to Stay **[DE 19]** were rendered moot in light of recent case law from the Federal Circuit. See Stauffer v. Brooks Bros., Inc., Nos. 2009-1428, 2009-1430, 2009-1453, 2010 WL 3397419 (Fed. Cir. Aug. 31, 2010). Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Pursuant to Rule 12(B)(1) **[DE 18]** and Defendants' Motion to Stay **[DE 19]** are **DEEMED MOOT**. Consistent with the above, the following Recommendation

shall pertain only to Defendants' Motion to Dismiss Pursuant to Rule 9(B) and Rule 12(B)(6) **[DE 17]**.

## II. Recommendation

Upon careful review of the Motion and supporting memorandum **[DE 17]**, the Response **[DE 21]**, the Reply **[DE 24]**, the applicable law, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Defendants' Motion to Dismiss Pursuant to Rule 9(b) and Rule 12(b)(6) be **GRANTED.** Consistent with the foregoing, the undersigned's findings are set forth below.

### A. Background

This is a *qui tam*[1] action under the False Marking Statute, 35 U.S.C. § 292, for false patent marking. Plaintiff, Herengracht Group LLC, is a Nevada limited liability corporation with its principal place of business in Miami, Florida. **[DE 15 ¶ 7]**. Plaintiff represents the interests of otherwise unrepresented parties (e.g., consumers) against various misuses of patents and the patent system by commercial entities. Id. Defendant, Intelligent Products, Inc., is an Illinois corporation with its principal place of business in Rabbit Hash, Kentucky. **[DE 15 ¶ 8]**. It is the parent company of Defendant Mutt Mitt, Inc. Id. Mutt Mitt, Inc. is a Kentucky corporation with its principal place of business in Burlington, Kentucky and/or Rabbit Hash, Kentucky. **[DE 15 ¶ 9]**.

Plaintiff alleges that Defendants engaged in false patent marking by marking one of their products, a disposable pet waste bag (hereinafter referred to as "Mutt Mitt"), with an expired patent, U.S. Patent No. 4, 768, 818 5, 149, 159 ("the 159 patent"). Plaintiff specifically claims that the Mutt

---

[1]An action brought under a statute that allows a private person to sue for a penalty, part of which the government or some specified public institution will receive. Blacks Law Dictionary 712 (9th ed. 2009).

Mitt product is marked with the "[intent] to deceive the public." **[DE 15 ¶ 22]**. In support of this contention, Plaintiff alleges that Defendants have been involved in the filing, use, leverage and maintenance of the 159 patent throughout the patent's lifespan. **[DE 15 ¶ 19]**. Plaintiff further alleges that Defendants are "sophisticated companies, experienced with leveraging patents and other intellectual property." **[DE 15 ¶ 21]**. Based on this, Plaintiff concludes that Defendants "knew, or should have known, that the patent was expired and no longer covered the Mutt Mitt products." **[DE 15 ¶ 20]**. Plaintiff also contends that the plastic packages/labels of the Mutt Mitt products bare a copyright of 2009, indicating that Defendants "contemplated, reviewed, authored, created, and approved the contents of the packaging/labels for the Mutt Mitt products, and purposefully chose to mark the Mutt Mitt Products with the expired patents, at least as early as such copyright date." **[DE 15 ¶ 30]**.

## B. Procedural History

Plaintiff filed its initial Complaint on June 2, 2010. **[DE 1]**. In response, Defendants filed Motions to Dismiss pursuant to Rules 12(b)(1), 12(b)(6) and 9(b), and a Motion to Stay on July 15, 2010. **[DE 7-9]**. Plaintiff subsequently filed its First Amended Complaint on July 28, 2010. **[DE 15]**. On July 30, 2010, Judge Lenard entered an Order denying Defendants' Motions to Dismiss and Motion to Stay as moot, as Plaintiff had filed an Amended Complaint. **[DE 16]**.

Defendants' instant Motion to Dismiss **[DE 17]** was filed on August 16, 2010. Plaintiff filed its Omnibus Response in Opposition to Defendants' Motions **[DE 21]** on September 1, 2010 and Defendants' filed their Reply **[DE 24]** on September 10, 2010. The matter is now ripe for adjudication.

**C. Standard of Review**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id.

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). However, the court need not accept as true "conclusions of law or sweeping legal conclusions cast in the form of factual allegations." United States v. Air Florida, Inc., 534 F. Supp. 17, 20 (S.D. Fla. 1982); see also Twombly, 550 U.S. at 555. While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. At 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**D. Analysis**

A claim for false marking under 35 U.S.C. § 292(a) requires a Plaintiff to show: (1) marking of an unpatented article (2) with an intent to deceive the public. See The Forest Group, Inc. v. Bon

Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009). Defendants move to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendants contend that "[t]he false marking statute is a fraud-based claim, which is subject to the pleading requirements of Rule 9(b), Federal Rules of Civil Procedure." **[DE17, p.5]**. Accordingly, Defendants argue that Plaintiff's First Amended Complaint should be dismissed for failing to adequately allege the element of intent to deceive with the specificity required by Rule 9(b). Plaintiff, on the other hand, asserts that false marking claims are governed solely by Rule 8(a). **[DE 21]**. In this case, Plaintiff contends that the allegations contained in the First Amended Complaint are sufficient to establish the "intent to deceive the public" element under Rule 8(a). **[DE 21]**.

**(a) Applicability of Fed. R. Civ. P. 9(b)**

An intercircuit split currently exists as to whether the heightened pleading requirements of Rule 9(b) apply to false marking claims under 35 U.S.C. § 292. While the issue has yet to come before the Court of Appeals for the Federal Circuit, an increasing number of district courts have determined that the heightened pleading standard of Rule 9(b) applies. See e.g., Hollander v. Etymotic Research, Inc., No. 10-526, 2010 WL 2813015 (E.D. Pa. July 24, 2010) ("The Court is persuaded by the law of other district courts holding that false marking claims are fraud-based claims subject to Rule 9(b)'s heightened pleading standards. Moreover, although the Federal Circuit has yet to determine whether Rule 9(b) applies to false marking claims, it has recently held that inequitable conduct claims, which also require a showing of intent to deceive, are subject to Rule 9(b)."); Brinkmeier v. BIC Corp., Nos. 09-860-SLR, 10-01-SLR, 2010 WL 3360568, at *8 (D. Del. Aug. 25, 2010) ("The court agrees with the United States District Court for the Eastern District of

Pennsylvania, and other districts, that the heightened pleading standard of Rule 9(b) applies to § 292 claims."); Juniper Networks v. Shipley, No. C 09-0696 SBA, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009).

This Circuit has addressed the issue on two separate occasions. See Advanced Cartridge Techs., LLC, 2010 WL 2640137 at *1 (holding that the false marking statute is a fraud-based claim subject to the pleading requirements of Rule 9(b)); Herengracht Group LLC v. WM. Wrigley Jr. Co., 1:10-cv-21784-ASG (Order Granting Defendant's Motion to Dismiss Without Prejudice [ECF No. 33], S.D. Fla. Sept. 16, 2010). In Wrigley, the court reviewed a complaint almost identical to the one found herein. In fact, the Plaintiff herein was also the Plaintiff in Wrigley. In that instance, the court ultimately decided that it need not resolve whether the heightened pleading requirements of Rule 9(b) applied because the plaintiff's complaint failed to sufficiently plead a required element –intent to deceive–under even the liberal pleading standards of Rule 8(a). Wrigley, 1:10-cv-21784-ASG, slip op. at 6-7 (citing Brinkmeier v. BIC Corp., 2010 WL 3360568); see also Brinkmeier v. Graco Children's Prods., Inc., 684 F. Supp. 2d 548, 550-54 (D. Del. 2010). This Court agrees.

For present purposes, this Court is not required to resolve the dispute over whether the pleading standard of Rule 8(a) or Rule 9(b) applies, as the Plaintiff's First Amended Complaint herein fails to survive under either standard. As more fully discussed below, Plaintiff's First Amended Complaint fails to sufficiently plead the element of intent to deceive under both Rule 8(a) and Rule 9(b).

**(b) Intent to Deceive**

"Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into

thinking that the statement is true." Clontech Labs. Inc. V. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005) (citing Seven Cases of Eckman's Alterative v. United States, 239 U.S. 510, 517-18 (1916)). A purpose of deceit, rather than simply knowledge that a statement is false, is required under 35 U.S.C. § 292. Pequignot v. Solo Cup Co., 608 F.3d 1356, 1363 (Fed. Cir. 2010).

Plaintiff herein seeks to establish the element of intent to deceive by imputing knowledge of the expiration of the 159 patent on Defendants based on Defendants' alleged sophistication as a company, their experience and knowledge with patents and intellectual property and Defendants' alleged familiarity with the 159 patent application specifically. These allegations fall short of the pleading requirements of Rule 8(a) and Rule 9(b).

As stated, *supra*, the allegations contained herein are virtually identical to those contained in the complaint before the court in Wrigley, 1:10-cv-21784-ASG (Order Granting Defendant's Motion to Dismiss Without Prejudice [ECF No. 33], S.D. Fla. Sept. 16, 2010). In Wrigley, the court held that by "failing to allege more than simply Wrigley's sophistication and experience and knowledge regarding patents, Herengracht has failed to plead an actual intent to deceive." Id. at *9. Specifically, plaintiff's allegations that Wrigley is "a sizeable and sophisticated company, with approximately 16,000 employees and yearly revenues of over $5 billion," has "decades of experience with applying for, obtaining licensing, and litigating patents, and knows that patents expire," and "paid a total of $5,970 in maintenance fees following the issuance of the 175 patent," were insufficient to demonstrate the requisite "intent to deceive" standard under 35 U.S. C. § 292. Id. at *10.

Similarly, in Simonian v. Edgecraft, Corp., the court was presented with a complaint containing allegations such as those found herein. No. 10 C 263, 2010 WL 3781262 (N.D. Ill. Sept.

20, 2010). The plaintiff therein alleged that the defendant was a sophisticated company and had many decades of experience applying for, obtaining, and litigating patents. Id. at *2. There, the plaintiff concluded, based on those allegations, that defendant knew, or reasonably should have known, of the requirements of 35 U.S.C. § 295 and that defendant marked its product with the expired patent for the purpose of deceiving the public into believing that something contained in or embodied in the product was covered by or protected by the expired patent. Id. The court held that those allegations did not "support a reasonable inference that Edgecraft acted with a purpose of deceiving the public." Id. at *3. The court found it unreasonable to infer the intent to deceive from the bare allegations that defendant was a "sophisticated company," and the remaining allegations amounted to mere "labels and conclusions" that were likewise found by the court to be insufficient under Twombly. Id.

Here, not surprisingly, Plaintiff makes allegations identical to those found in Wrigley. While Defendants herein are not companies with "yearly revenues of over $5 billion," Plaintiff again insists that Defendants are "sophisticated companies, experienced with leveraging patents and other intellectual property" and that Defendants have been doing so "for over two decades." **[DE 15, ¶ 21]**. Plaintiff also alleges that Defendants paid the maintenance fees on the 159 patent until 2000 when such payments were discontinued. Based on these allegations, Plaintiff conclusorily alleges that Defendants "knew, or should have known, that the patents were expired and no longer covered the Mutt Mitt Products" and that Defendants "knew, and at all times relevant to this action [have] known, that [they] falsely represented that the Mutt Mitt Products were covered by the expired patents." **[DE 15, ¶ 20, 21]**. "These allegations alone do not supply enough factual matter to suggest

an intent to deceive, and amount to nothing more than the 'mere labels and conclusions' prohibited by Twombly." Graco, 684 F. Supp. 2d at 553; Simonian, 2010 WL 3781262 at *3.

Plaintiff also attempts to bolster its allegations by contending that the plastic packages/labels of the Mutt Mitt Products are marked with a 2009 copyright, indicating that Defendants "contemplated, reviewed, authored, created, and approved the contents of the packaging/labels for the Mutt Mitt Products , and purposefully chose to mark the Mutt Mitt Products with the expired patents." **[DE 15, ¶ 30]**. However, courts applying the Twombly standard have found that creating new packaging does not necessarily create a reasonable inference that defendants knew the patent was expired. See Shizzle Pop, LLC v. Wham-O, Inc., Civ. No. 0-3491 PA, 2010 WL 3063066, at *4 (C.D. Cal. Aug. 2, 2010). Further factual detail is needed in order to survive a motion to dismiss. Id.

This Court recognizes that the Graco court found that allegations of revisions to the defendant's patent markings were sufficient to withstand a motion to dismiss. However, the plaintiff therein had alleged that defendant revised its patent markings at least 3 times since the expiration of the patent at issue. Moreover, that plaintiff had also alleged that defendant had been involved in two prior instances of litigation concerning infringement of the patent therein. In the instant case, Plaintiff has not made any such allegations. Instead, Plaintiff alleges only one instance of revision to Defendants' packaging. No prior litigation associated with the expired patent is alleged.

Accordingly, Plaintiff has failed to adequately set forth the element of "intent to deceive the public" required by 35 U.S.C. § 292. Therefore, Plaintiff's First Amended Complaint must be dismissed.

Consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that Defendants' Motion to Dismiss **[DE 17]** be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1)©, the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Judge, within fourteen (14) days of receipt. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149, reh'g denied, 7 F.3d 242 (11th Cir. 1993); LoConte v. Duggar, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 17 day of November 2010.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Joan A. Lenard
Counsel of Record