# EXHIBIT 4

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-02574-RGK (SSx) | Date | November 3, 2010 |
| Title | SHIZZLE POP, LLC v. AVIVA SPORTS, INC. et al. | | |

| | |
|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order re Defendants Motion to Dismiss (DE 43)

## I. FACTUAL BACKGROUND

On April 12, 2010, Shizzle Pop, LLC ("Plaintiff") brought suit against Aviva Sports, Inc. ("Aviva Sports") and Otter Tail Corporation ("Otter Tail," or collectively, "Defendants") alleging patent mismarking pursuant to 35 U.S.C. § 292 ("Section 292"), a *qui tam* provision. According to Plaintiff, Defendants improperly marked three of their water slide products with patent numbers that include descriptions of certain product attributes not implemented in those products. On June 10, 2010, Defendants filed a Motion to Dismiss ("Prior Motion") for lack of standing, failure to state a claim, and lack of personal jurisdiction over Otter Tail. The Court granted the Motion to Dismiss with leave to amend, finding that Plaintiff failed to allege injury to the United States and did not state with particularity the "intent to deceive" element of Section 292.

Plaintiff submitted its First Amended Complaint on August 25, 2010. Defendants responded with the current Motion to Dismiss for failure to state a claim and lack of personal jurisdiction on September 20, 2010.

## II. JUDICIAL STANDARD

### A. Personal Jurisdiction: Rule 12(b)(2)

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. A district court must apply Federal Circuit law to determine issues of personal jurisdiction in a patent infringement case. *Silent Drive, Inc. v. Strong Ind.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). However regional circuit law applies if the determination of personal jurisdiction is not "intimately involved in the substance of enforcement of the patent right." *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002).

Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that personal jurisdiction exists. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). When a district court does not hear testimony or make findings of fact and permits the parties to submit only written materials, then the plaintiff must make only a prima facie showing of jurisdictional facts to defeat the defendants' motion to dismiss. *Deprenyl Animal Health*, 297 F.3d at 1347.

A federal district court may exercise personal jurisdiction over a nonresident defendant if the defendant has minimum contacts with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945).

### B. Failure to State a Claim: Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The U.S. Supreme Court held that mere legal conclusions are insufficient to state a claim. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* In an action claiming fraud, the plaintiff must state with particularity the circumstances constituting the fraud. Federal Rule of Civil Procedure 9(b).

## III. DISCUSSION

### A. Personal Jurisdiction Over Defendant Otter Tail

Plaintiff argues that this Court has personal jurisdiction over Otter Tail under an alter ego theory. According to Plaintiff, the Court should consider Defendants to be the same entity, and attribute all of Aviva Sports' contacts with California to Otter Tail.

Otter Tail argues that it is not the alter ego of Aviva Sports and has no ties to California to establish personal jurisdiction. Otter Tail claims it is a holding company in Minnesota that conducts no business in California and has no involvement in the day-to-day operations of Aviva Sports. The Court finds that Plaintiff has not shown that Otter Tail and Aviva Sports are the same entity. Therefore, the Court will not impute Aviva Sports' alleged contacts with California to Otter Tail to establish personal jurisdiction.

"[I]t is well-settled law that, absent a piercing of the corporate veil … a parent company is not liable for the acts of its subsidiary." *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1349 (Fed. Cir. 2010). A Plaintiff may pierce the corporate veil for the purposes of personal jurisdiction under two theories, (1) if the parent company is the mere alter ego of the subsidiary; or (2) if the subsidiary is the general agent of the parent in the forum. *See Harris Rutsky & Co. Ins. Services., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003). Here, the Plaintiff is alleging an alter ego theory.

Plaintiff has not made a prima facie showing that Aviva Sports is the alter ego of Otter Tail. "[To] satisfy the alter ego exception to the general rule that a subsidiary and the parent are separate

entities, the plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist, and (2) that failure to disregard their separate identities would result in fraud or injustice." *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001). California courts will set aside the corporate form "only in narrowly defined circumstances and only when the ends of justice so require." *Mesler v. Bragg Management Co.*, 39 Cal. 3d 290, 301 (1985).

According to Plaintiff, Aviva Sports is "undercapitalized" and has received investments from one or more of its parent companies. Plaintiff relies on a declaration from an unrelated matter, in which an Aviva Sports executive discusses the possibility that the company could be in financial trouble and had received investments from parent companies. From this statement Plaintiff feebly infers that Aviva Sports is relying specifically on Otter Tail for funding. Even if Aviva Sports were presently insolvent, courts will only find alter ego liability where the subsidiary is so undercapitalized at the outset of incorporation that it is unable to meet debts that may arise in the course of business. *See Laborers Clean-up Contract Admin. Trust Fund v. Uriarte Clean-up Serv., Inc.*, 736 F.2d 516, 525 (9th Cir. 1984). Plaintiff has failed to allege any facts or information to indicate that Aviva Sports was undercapitalized at the time of its formation, and that Otter Tail was its source of funding. Therefore, Plaintiff fails to present a prima facie showing of personal jurisdiction over Otter Tail based on an alter ego theory. Plaintiff does not allege another basis for personal jurisdiction over Otter Tail. The Court grants Defendants' motion to dismiss for lack of personal jurisdiction as to Otter Tail.[1]

**B. <u>Failure to State a Claim</u>**

The Court dismissed Plaintiff's initial Complaint for failure to adequately state a claim. Once again, the Court finds that Plaintiff's conclusory allegations of Defendants' knowledge and intent to deceive are not sufficient to survive a motion to dismiss.

Section 292 imposes a civil fine for false marking of articles. 35 U.S.C. § 292. The Federal Circuit has ruled that this statute is not one of strict liability for mismarking. Instead, there must be "intent to deceive" the public. *Clontech Laboratories, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). "[I]n order to establish knowledge of falsity the plaintiff must show by a preponderance of the evidence that the party accused of false marking did not have a reasonable belief that the articles were properly marked." *Id*. 1352-53. To survive a motion to dismiss, Plaintiff need not establish intent by a preponderance of the evidence, but must at least allege facts that would allow the court to reasonably infer Defendants acted with an intent to deceive.

Under Rule 9(b) "a party must state with particularity the circumstances constituting fraud." A claim for patent mismarking sounds in fraud due to the requirement of intent to deceive.[2] *See United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 228 (1st Cir. 2004) (holding that a

---

[1] Plaintiff also requested the opportunity to conduct jurisdictional discovery. As discussed below, Plaintiff's claim fails under 12(b)(6) and therefore jurisdictional discovery is unwarranted.

[2] Several courts have found the 9(b) standard applies to patent mismarking. However, all of these cases were recently decided, and therefore unpublished at this time. *Shizzle Pop, LLC v. Wham-O, Inc.* No. 10-3491, 2010 U.S. Dist. LEXIS 86924, 2010 WL 3063066 at *10 (C.D. Cal., Aug. 2, 2010); *Juniper Networks v. Shipley*, No. C 09-0696 SBA, 2009 U.S. Dist. LEXIS 40978, 2009 WL 1381873 at *4 (N.D. Cal. May 14, 2009); *Hollander v. Etymotic Research, Inc.*, No. 10-526, 2010 U.S. Dist. LEXIS 71071, 2010 WL 2813015 at *5 (E.D. Pa. July 14, 2010); *Simonian v. Cisco Sys., Inc.*, No 10 C 1306, 2010 U.S. Dist. LEXIS 60752, 2010 WL 2523211 at *3 (N.D. Ill. June 17, 2010).

statute sounds in fraud because liability depends on the defendant's knowledge or intent). In fraud claims, scienter need not be plead with great specificity, however, there must be some factual basis for conclusory allegations about intent. "Allegations of scienter are sufficient if supported by facts giving rise to a 'strong inference' of fraudulent intent." *Ouaknine v. MacFarlane*, 897 F.2d 75, 79-80 (2nd Cir. 1990).

Here, Plaintiff has lengthened its conclusory statements, but still fails to allege any facts or information that support its "beliefs."[3] For example, Plaintiff alleges on "information and belief" that Defendants "engaged in a strategy of marking patents on their products for the purpose of deceiving the public" and "purposefully allowed their products to bear the irrelevant patents." (FAC, ¶¶ 28-29.) These statements do not give any basis for Plaintiff's belief that Defendants were employing a strategy or purposefully allowing irrelevant patents. "Claims made on information and belief are not usually sufficiently particular, unless they accompany a statement of facts on which the belief is founded." *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d. 658, 665 (9th Cir. 2010). Plaintiff's statement of facts alleges details which explain why it believes Defendants' products are mismarked, but contains no information supporting the belief that Defendants were acting with an intent to deceive. Further factual detail is needed to survive a motion to dismiss under Rule 9(b). For this reason, the Court grants Defendants' Motion to Dismiss for failure to state a claim with prejudice.

## IV. CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss as to Defendant Otter Tail for lack of personal jurisdiction. Additionally, the Court **GRANTS** Defendants' Motion to Dismiss as to both defendants for failure to state a claim.

**IT IS SO ORDERED.**

________ : ________

Initials of Preparer slw

[3]*See Brinkmeier v. Graco Children's Products Inc*. 684 F. Supp. 2d 548, 553 (2010) (the court found sufficient pleading of intent on two claims of patent mismarking where plaintiffs showed defendants had faced multiple lawsuits on the mismarking of those products and therefore knew of the potential error).