# EXHIBIT 5

Only the Westlaw citation is currently available.

United States District Court,
C.D. California.
SHIZZLE POP, LLC
v.
WHAM-O, INC.
**No. CV 10-3491 PA (FFMx).**

Aug. 2, 2010.

Patrick A. Maher, Stephen L. Raucher, Timothy D. Reuben, Reuben Raucher and Blum, Los Angeles, CA, for Shizzle Pop, LLC.

Andrew V. Jablon, Robert W Barnes, Resch Polster & Berger, Los Angeles, CA, for Wham-O, Inc.

Proceedings: IN CHAMBERS-MOTION TO DISMISS

PERCY ANDERSON, District Judge.

***1** Paul Songco Deputy Clerk

Before the Court is a Motion to Dismiss filed by defendant Wham-O, Inc. ("Defendant"). (Docket No. 14.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 2, 2010, is vacated, and the matter taken off calendar.[FN1]

FN1. The Court notes that Defendant filed a 25-page Reply brief. Defendant is directed to review the Court's Standing Order issued on May 11, 2010, which states: "Replies shall not exceed 12 pages. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations." (Standing Order, p. 5.) Defendant is warned that any future failure to follow the Court's Standing Order may result in the imposition of sanctions.

Plaintiff Shizzle Pop, LLC ("Plaintiff") has filed this action against Defendant for violating 35 U.S.C. § 292(a), which prohibits patent mismarking. Specifically, Plaintiff alleges that Defendant has been labeling its Frisbee Disc Pro Classic Disc products (the "Pro Classic") with an expired patent, U.S. Patent No. 3,359,678 (the "'678 Patent"). Under 35 U.S.C. § 292(a) the penalty for patent mismarking can be up to $500 for every mismarked article. *Forest Group, Inc. v. Bon Tool Co.,* 590 F.3d 1295, 1304 (Fed.Cir.2009). Plaintiff brings this lawsuit under the qui tam provision in 35 U.S.C. § 292(b), which states that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." In order to survive a Rule 12(b)(6) motion, typically a complaint need only give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Cir.1996) (quoting *In re Wells Fargo Sec. Litig.,* 12 F.3d 922, 925 (9th Cir.1993)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic,* 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

relief' ." *Id.*

*First-Filed Rule*

***2** Defendant first argues that this action must be dismissed under the "first-filed" rule. The first-filed rule "may be invoked 'when a complaint involving the same parties and issues has already been filed in another district.' " *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 625 (9th Cir.1991) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir.1982)). The two actions need not be identical, so long as they are "substantially similar." *Inherent.com v. Martindale-Hubbell,* 420 F.Supp.2d 1093, 1097 (N.D.Cal.2006). The purpose of the rule is to promote efficiency and avoid duplicative litigation. *Id.* If the first-filed rule applies the second-filed court "has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala,* 125 F.3d 765, 769 (9th Cir.1991).

Here Defendant contends that the first-filed rule should apply because of a case filed in the Western District of Pennsylvania six weeks before this action, *United States of Am., ex rel. v. Wham-O, Inc.,* Case No. 2:10-cv-00435-AJS (the "Pennsylvania Action"). The Pennsylvania Action is also brought under the qui tam provision of 35 U.S.C. § 292(b), but by a different plaintiff. Defendant points out that although the plaintiffs in the two actions are different, the real party in interest in both cases is the United States. Even so, the Court finds that the issues in the Pennsylvania Action do not sufficiently overlap with the issues in the Pennsylvania Action for purposes of the first-filed rule. The Pennsylvania Action alleges that Defendant used the ' 678 Patent to mismark different products called the Frisbee Flying Disc or Flexible Flying Disc. While the Pennsylvania Action also alleges mismarking of the Pro Classic, it alleges that the Pro Classic was mismarked with a different patent, U.S. Patent No. 3,354,678. Nowhere in the Pennsylania Action is it alleged that Defendant mismarked the Pro Classic using the '678 patent, which is the claim Plaintiff has brought here. Because this action is not duplicative of the Pennsylvania action, the first-filed rule does not apply.

*Standing*

Defendant next argues that Plaintiff lacks standing to bring this action because it is not a competitor of Defendant and cannot allege that it has suffered any injury. In order to establish standing a plaintiff must demonstrate that it has suffered injury in fact. *Vt. Agency of Natural Resources v. U.S. ex. rel. Stevens,* 529 U.S. 765, 771, 120 S.Ct. 1858, 1861, 146 L.Ed.2d 836 (2000). However, when a plaintiff sues under a qui tam provision, an injury to the United States suffices to confer standing on the plaintiff, who is considered an assignee of the United States' claims. *Id.* at 773-74, 120 S.Ct. at 1863. A majority of district courts agree that this rationale applies to give standing to plaintiffs suing under 35 U.S.C. § 292(b), since false patent marking injures the United States' public interests by deterring innovation and stifling competition. *See, e.g., Hollander,* 2010 WL 2813015 at *4; *Juniper Networks v. Shipley,* No. C 09-0696 SBA, 2009 WL 986809 at *6 (N.D.Cal. Mar. 17, 2010); *Pequignot v. Solo Cup Co.,* 640 F.Supp.2d 714, 724 (E.D.Va.2009).

***3** One district court has held that non-competitor plaintiffs lack standing to sue under 35 U.S.C. § 292 since false patent marking does not cause any injury to the United States beyond a "conjectural or hypothetical" harm to competition. *See Stauffer v. Brooks Bros., Inc.,* 615 F.Supp.2d 248, 255 (S.D.N.Y.2009). Defendant urges the Court to follow the holding in *Stauffer,* which is currently on appeal before the Federal Circuit. The Court is more persuaded by those cases which have found that standing exists. Nevertheless, should the Federal Circuit later affirm the holding in *Stauffer* Defendant may renew its motion to dismiss for lack of standing at that time.

*Constitutionality of 35 U.S.C. § 292(b)*

Defendant contends that this action should be dismissed because 35 U.S.C. § 292(b) violates the "Appointments" and "Take Care" Clauses in Article II of the Constitution. The Appointments Clause gives the President the authority to select principal officers with the advice and consent of the Senate. *Morrison v. Olson,* 487 U.S. 654, 670, 108 S.Ct. 2597, 2608, 101 L.Ed.2d 569 (1988). "Congress may not arrogate power to itself by appointing officers who perform executive functions." *U.S. ex rel. Kelly v. Boeing Co.,* 9 F.3d 743, 758 (9th Cir.1993). The Ninth Circuit has concluded that a qui tam relator, "who litigates only a single case," "receives no federal salary, and serves for no specified term," does not exercise enough au-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

thority to be considered an officer who must be appointed by the President. *Id.* at 758-59 & n. 21. As such, 35 U.S.C. § 292(b) does not violate the Appointments Clause.

The "Take Care" Clause makes it the President's duty to "take Care that the Laws be faithfully executed." U.S. Const. Art. II, § 3. According to Defendant, 35 U.S.C. § 292(b) impermissibly vests a private party with the ability to enforce patent laws, a role which belongs to the Executive Branch. Only one district court has issued a holding on this question, and that court concluded that the statute is constitutional. *See Pequignot v. Solo Cup Co.,* 640 F.Supp.2d 714, 726-27 (E.D.Va.2009).[FN2] In *Pequignot,* the court noted that section 292(b) is a minor intrusion into the power of the Executive Branch since it authorizes the qui tam relator to bring only one type of civil suit at his own expense. Moreover, it pointed out that the Executive Branch has the ability to assert its interests through procedures available under the Federal Rules of Civil Procedure. *Id.* at 727-28 (stating that the United States can move to intervene as a matter of right under Rule 24(a)(2), that it may move for a protective order under Rule 26(c) if the action interferes with government activities, and that its consent is required before dismissal under Rule 41(a)(1)(A)(ii) if it has intervened in the action). In light of the minimal intrusion of Executive Branch power, the *Pequignot* court found that any further procedural safeguards were unnecessary. *Id.* at 728. The Court finds this analysis persuasive and declines to hold that 35 U.S.C. § 292(b) is unconstitutional.

FN2. One other district court has discussed the constitutionality of 35 U.S.C. § 292(b) in *Zojo Solutions, Inc. v. Stanley Works,* ---F.Supp.2d ----, 2010 WL 1912650 at *2 (N.D.Ill. May 12, 2010). However, that court's analysis was limited, merely noting that the statute is likely constitutional given that the Federal Circuit has never noticed any constitutional problem when ruling on cases brought under 35 U.S.C. § 292(b).

*Federal Rule of Civil Procedure 9(b)*

***4** Finally, Defendant argues that Plaintiff's Complaint is not sufficiently pled under Federal Rule of Civil Procedure 9(b), which states that "[i]n alleging fraud ... a party must state with particularity the circumstances constituting fraud...." "Claims made on information and belief are not usually sufficiently particular, unless they accompany a statement of facts on which the belief is founded." *Shroyer v. New Cingular Wireless Servs., Inc.,* 606 F.3d 658, 665 (9th Cir.2010). A claim for patent mismarking requires that the defendant acted "for the purpose of deceiving the public." 35 U.S.C. § 292(a). As such, a number of courts have held that Rule 9(b) applies to patent mismarking claims because they "sound in fraud." *Juniper Networks v. Shipley,* No. C 09-0696 SBA, 2009 WL 1381873 at *4 (N.D.Cal. May 14, 2009); *see also Hollander v. Etymotic Research, Inc.,* No. 10-526, 2010 WL 2813015 at *5 (E.D.Pa. July 14, 2010); *Simonian v. Cisco Sys., Inc.,* No. 10 C 1306, 2010 WL 2523211 at *3 (N.D.Ill. June 17, 2010).

Evidence that the product was falsely marked, combined with evidence that the defendant had knowledge of falsity, creates a rebuttable presumption of intent to deceive the public. *Pequignot v. Solo Cup Co.,* 608 F.3d 1356, 2010 WL 2346649 at *6 (Fed.Cir. June 10, 2010). Here the Complaint alleges "upon information and belief" that Defendant has knowledge that its products are not patented under the '678 Patent and that it intended to deceive the public. (Compl.¶¶ 14-15.) The only fact which Plaintiff has pointed to as a basis for these beliefs is the fact that the packaging on the Pro Classic is marked with a copyright dated 2009. Plaintiff argues that because Defendant took the time to update its packaging in 2009 it must have realized at that time that the ' 678 Patent was expired. However, creating new packaging does not create a reasonable inference that Defendant knew the '678 patent had expired. Courts applying the Rule 9(b) standard, and in some cases even the regular *Twombly* standard, have found that further factual detail is needed in order to survive a motion to dismiss.[FN3] For this reason, Plaintiff's Complaint is dismissed with leave to amend.

FN3. *Compare Brinkmeier v. Graco Children's Prods. Inc.,* 684 F.Supp.2d 548, 553 (D.Del.2010) (holding that intent to deceive was insufficiently pled under Rule 8(a) with respect to some patents even though plaintiff alleged that the defendant employed an intellectual property manager who was responsible for reviewing patent markings and would have realized that patents were expired); *Inventorprise, Inc. v. Target Corp.,*

No. 09-CV-00380, 2009 WL 3644076 at *6 (N.D.N.Y. Nov.2, 2009) (finding insufficient allegations of an intent to deceive where complaint alleged that defendant was a sophisticated company with extensive patent experience, and thus would have known of its mismarking) *with* *Brinkmeier,* 684 F.Supp.2d at 553 & n. 5 (holding that intent to deceive was sufficiently pled under Rule 8(a) or Rule 9(b) with respect to a certain patent since the defendant had been sued twice by competitors for infringing the patent and had revised its patent markings three times since its expiration).

*Conclusion*

Accordingly, the Court grants Defendant's Motion and dismisses Plaintiff's Complaint with leave to amend. Plaintiff's amended complaint, if any, shall be filed no later than August 23, 2010. The failure to file an amended complaint by that date may result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

C.D.Cal.,2010.
Shizzle Pop, LLC v. Wham-O, Inc.
Not Reported in F.Supp.2d, 2010 WL 3063066 (C.D.Cal.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.