# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALCHEMY ASSET SERVICES, INC., Plaintiff-Relator, | ) | |
| vs | ) | Civil Action No. 10-680 |
| GLAXOSMITHKLINE CONSUMER HEALTHCARE, LP and GLAXOSMITHKLINE, LLC, Defendants. | ) | |

REPORT AND RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) (Document No. 6) be granted.

II. Report:

Presently before the Court is a motion to dismiss the complaint submitted by the defendants. For reasons discussed below, the defendants' motion to dismiss pursuant to Rule 12(b)(6) should be granted.

The plaintiff-relator, Alchemy Asset Services Inc. ("Alchemy"), commenced this *qui tam* action on behalf of the United States of America and in its own name by filing a complaint for false patent marking pursuant to 35 U.S.C. § 292.[1] In pertinent part, 35 U.S.C.

---

1. The false patent marking statute at issue, 35 U.S.C. § 292, is a *qui tam* statute. Vermont Agency of Natural Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 768 n.1 (2000). "*Qui tam*" comes from the Latin phrase "who pursues this action on ... the King's behalf as well as his own." Id. A *qui tam* statute authorizes a private person, known as a "relator", to commence suit on behalf of the government and to share in any financial recovery. Id. at 769-70.

§ 292 provides:

> (a) Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, ... the name or any imitation of the name of the patentee, the patent number, or the words "patent" "patentee", or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public ... or Whoever marks upon, or affixes to ... any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public ... – Shall be fined not more than $500 for every such offense.
>
> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

In the complaint, Alchemy contends that defendants GlaxoSmithKline Consumer Healthcare, LP and GlaxoSmithKline LLC (collectively, "GSK") engaged in false patent marking in connection with the sale and/or advertising of a product called "Fiber Choice". Specifically, Alchemy asserts that GSK marks and advertises their "Fiber Choice" product and/or product packaging with the word "patent" and one or more patent numbers, including United States Patent No. 5,087,623 ("the '623 Patent"), although the '623 Patent has expired.[2] Alchemy contends that after the '623 Patent expired, GSK marked their "Fiber Choice" product or packaging with the word "patent" or the '623 Patent number with intent to deceive the public. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1355(a).

In response to the complaint, GSK moved to dismiss it on several grounds. First, GSK argues that the complaint should be dismissed pursuant to Rule 12(b)(6), as it does not meet the heightened pleading requirements for a case alleging fraud. The movants also assert that the

2. According to the complaint, the '623 Patent was issued on February 11, 1992 and expired on March 21, 2009.

case should be dismissed because the false patent marking statute violates the "Take Care" clause of Article II of the United States Constitution, as it gives a private party (such as Alchemy) the powers of the Executive Branch to sue on the Government's behalf without affording the Executive Branch sufficient control over the suit.[3]

At this juncture, we only address GSK's motion to dismiss pursuant to Rule 12(b)(6). We agree with the defendants, as well as the majority of courts addressing the issue, that the heightened pleading standard of Fed.R.Civ.P. 9(b) applies to a false marking claim. Under Rule 9(b)'s heightened pleading standard, the complaint is deficient, as it fails to set forth facts with sufficient specificity to show that GSK falsely marked their product with intent to deceive the public.[4]

The two elements of a false marking claim are: (1) marking an unpatented article, (2) with an intent to deceive the public. Forrest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir,. 2009). As to the first of these elements, an article marked with an expired patent number is "unpatented" and falsely marked. Pequignot v. Solo Cup Co., 608 F.3d 1356, 1361-62 (Fed Cir. 2010). Alchemy has properly pled this element in its complaint at paragraphs 15-17.

With respect to the "intent to deceive" element in a false marking claim, the Federal Circuit Court of Appeals has not expressly decided whether a claimant must satisfy the

---

3. With respect to the defendants' constitutional challenge to the false patent marking statute, we issued an Order dated October 1, 2010, certifying the constitutional question raised by the defendants to the Attorney General of the United States pursuant to Fed.R.Civ.P. 5.1(b) and 28 U.S.C. § 2403. As set forth in that Order, the Attorney General may intervene in this case by November 26, 2010.

4. Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b).

heightened pleading requirements imposed by Rule 9(b). However, in Stauffer v Brooks Brothers, Inc., 619 F.3d 1321(Fed. Cir. 2010), the Court remanded the case to the district court with these instructions:

> We remand for the court to address the merits of the case, including Brooks Brothers' motion to dismiss pursuant to Rule 12(b)(6) 'on the grounds that the complaint fails to state a plausible claim to relief because it fails to allege an 'intent to deceive' the public – a critical element of a section 292 claim – with sufficient specificity to meet the heightened pleading requirements for claims of fraud imposed by' Rule 9(b).

Id. at 1328 (quoting Stauffer v. Brooks Bros. Inc., 615 F.Supp.2d 248, 251 n.1 (S.D.N.Y. 2009)). Furthermore, in Pequignot, supra, the Court stated that "[b]ecause the statute requires that the false marker act 'for the purpose of deceiving the public', a purpose of deceit, rather than simply knowledge that a statement is false, is required." 608 F.3d at 1363. Notably, in patent cases involving inequitable conduct, the Court has held that allegations of "deceptive intent" must be pled pursuant to Rule 9(b). See, Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326-27 (Fed. Cir. 2009).

District Courts in this circuit have held that the heightened pleading standard of Rule 9(b) applies to a § 292 false marking claim, as it is a fraud-based claim. Brinkmeier v. BIC Corp., 2010 WL 3360568, *8 (D.Del., Aug. 25, 2010) (citing cases); Hollander v. Etymotic Research, Inc., 2010 WL 2813015, *7 (E.D.Pa., July 14, 2010); also see, Hollander v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., 2010 WL 4159265, *5 (E.D.Pa., Oct. 21, 2010) ("Even under a relaxed 9(b) standard, a plaintiff must allege sufficient underlying facts from which a court may reasonably infer that the defendant intended to deceive the public").

Similarly, the majority view in other circuits is that false marking claims are

fraud-based claims subject to Rule 9(b)'s heightened pleading standards. Josephs v. Federal-Mogul Corp., 2010 WL 3803779, *2 (E.D.Mich., Sept. 30, 2010) ("plaintiff bringing a claim under § 292 must show that the defendant had a specific intent to deceive the public"); The N.C. Farmers' Assistance Fund v. Monsanto, 2010 WL 3817349, *9 (M.D.N.C., Sept. 27, 2010) ("section 292 is subject to the heightened particularity requirements of Rule 9(b)"); accord, Advanced Cartridge Tech., LLC v. Lexmark Int'l., Inc., 2010 WL 2640137, *1 (M.D.Fla., June 30, 2010); Simonian v. Cisco Sys., Inc., 2010 WL 2523211, *3 (N.D.Ill., June 17, 2010); Juniper Networks v. Shipley, 2009 WL 1381873, *4 (N.D.Cal., May 14, 2009).

We concur with the holding in the above-cited cases that the false marking statute is subject to Rule 9(b)'s pleading requirements. Under Rule 9(b), "knowledge" and "intent" may be alleged generally, but the pleadings must set forth sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind. Exergen, supra, 575 F.3d at 1327; Hollander, supra, 2010 WL 4159265, at *5.

Here, Alchemy's complaint is devoid of facts showing that GSK intended to deceive the public. Indeed, as to that element of its claim, Alchemy merely alleges that despite the expiration of the '623 Patent, GSK "marked its product and/or product packaging with the word 'patent' and/or the foregoing United States patent number on and after the date on which such patent expired, with intent to deceive the public." (Complaint at ¶ 17).

In reviewing a Rule 12(b)(6) motion to dismiss, the Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC, 578 F.3d 203, 210-11 (3d Cir. 2009), citing Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949 (2009). The court "must then determine whether the facts alleged in the complaint are

sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211, quoting Iqbal, 129 S.Ct. at 1950. Importantly, "a complaint must do more than allege the plaintiff's entitlement to relief"; it "has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211, citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). A pleading that only proffers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

As discussed above, Alchemy's complaint fails to set forth facts with sufficient specificity to show that GSK falsely marked their product with intent to deceive the public. Even under the more lenient pleading standard of Fed.R.Civ.P. 8(a)(2), it appears that the complaint is deficient, as it contains no factual averments to show that GSK acted with intent to deceive the public, only an unsupported conclusory statement to that effect.

Therefore, it is recommended that the defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) (Document No. 6) be granted.

Within fourteen (14) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/ ROBERT C. MITCHELL
United States Magistrate Judge

Dated: November 16, 2010